W. S. DAVIDSON, INCORPORATED, A CORPORATION, PROSECUTOR, v. THE MAYOR, ETC., DEFENDANTS.

Decided January 27, 1931.

Before Justices PARKER, CAMPBELL and BODINE.

For the prosecutor, *Seufert & Elmore*.

For the defendant, *Wright, Vander Burgh & McCarthy*.

PER CURIAM.

The borough of Tenafly adopted an ordinance to provide for the improvement of three streets: Sussex road from Knickerbocker road to Westervelt avenue, Burlington road from Knickerbocker road to Westervelt avenue, and Westervelt Court from Burlington road to Westervelt avenue. The ordinance provides for the establishment of the grade, curbing, paving, drainage, sewer, water and gas mains, and makes the improvements a local one. There is one general specification for the entire work, and the official maps referred to in the ordinance are combination maps used for three purposes: (1) to establish the grade; (2) setting forth the plan and detail of the work to be done, and (3) the assessment map showing the properties assessed and the names of the owners.

The work was completed about December 5th, 1927. On December 12th, 1927, a resolution determining the expenses was adopted. The commissioners of assessments, after hearing, made their report. The hearing on the report was held July 9th, 1928, and objections being made, the matter was referred back to the commissioners for further consideration.

The commissioners made a new report decreasing some assessments and materially increasing others. This report was adopted and confirmed by resolution but no hearing was held.

It is first argued that the improvement and the assessment therefor was treated as a single improvement and a single assessment; whereas in fact it was three separate improvements on three separate roads or streets, and that a single assessment was therefore improper. We do not deem it necessary now to determine this question, because it is apparent that the assessment was not made, confirmed and levied in the manner provided by law.

At the meeting of the commissioners of July 9th, 1928, of which the property owners had notice, the report of the assessment commissioners against which prosecutor protested, was referred back to that commission for further consideration and report. The property owners were afforded no further notice of what the assessment commissioners had done in the matter. But on July 30th, 1928, without notice and without opportunity to be heard, the increased assessments as made by the commissioners of assessment were approved and adopted by ordinance.

*Pamph. L.* 1925, *p.* 235, amending section 27, article 20 of the Home Rule act does not seem to require notice of the hearing on the second report after the same has been sent back to the commissioners of assessments. But we believe that when the property owner protested against the assessment he had the right to assume the assessment would not be increased without giving him a hearing. Obviously, there is a distinction between adopting an assessment as made without further notice and adopting an increased assessment without any notice at all.

It seems to us that the property owner was deprived of all hearing on the new assessment, and that he was entitled to the judgment of the city commissioners on the new assessment and to a hearing at which he might support his allegations. *Breakenridge* v. *Tichenor,* 95 *N. J. L.* 436.

The assessment proceedings are therefore set aside, with costs.